**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 10/2/2013 __

JOFFRE GUARANDA, individually and
on behalf of others similarly situated,

                         **Plaintiff,**                     **12-CV-09263 (SN)**

               **-against-**                       **OPINION & ORDER**

SOLIS RESTAURANT LLC d/b/a
SENOR POLLO, et al.,

                        **Defendants.**

----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

       On September 30, 2013, the parties appeared before me for a settlement conference and reached an agreement to resolve the case. Upon review of the parties' pleadings and *ex parte* submissions and based on the confidential discussions with each side, I find that the settlement agreement was fair and reasonable.

       The plaintiff brought his case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"). His complaint asserts generally that, during his employment at Senor Pollo, his employers failed to pay him minimum wages and overtime compensation, as required by the FLSA and NYLL.

       At the settlement conference, parties were represented by counsel, and the negotiations were at arm's length. The settlement agreement is in the best interests of all parties because of the litigation risks and the anticipated burdens and expenses in establishing the parties' respective claims and defenses.  The parties orally consented to the final settlement amount and payment plan.

       The FLSA imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that

overtime wages be paid. 29 U.S.C. § 216(b). The obligation to pay "liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." <u>D.A. Schulte, Inc. v. Gangi</u>, 328 U.S. 108, 114 (1946). In <u>D.A. Schulte</u>, however, the Supreme Court suggested in dicta that employees may waive FLSA claims pursuant to judicially-supervised settlements.  <u>Id.</u> at 113 n.8. The Supreme Court reasoned that "by the simple device of filing suits and entering agreed judgments, . . . the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties." <u>Id.</u> Based on dicta in <u>D.A. Schulte</u>, several courts of appeal have opined that district courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness. <u>See, e.g.</u>, <u>Lynn's Food Stores, Inc. v. United States By and Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div.</u>, 679 F.2d 1350, 1352-53 (11th Cir. 1982); <u>Urbino v. Puerto Rico Ry. Light & Power Co.</u>, 164 F.2d 12, 14 (1st Cir. 1947). In <u>Jarrard v. Southeastern Shipbuilding Corp.</u>, 163 F.2d 960 (5th Cir. 1947), the Court of Appeals for the Fifth Circuit approved a settlement after finding that "a bona fide dispute of both law and fact was involved in the litigation, and that the proposed settlement agreed upon was fair and equitable to all parties concerned." <u>Id.</u> at 961.

In light of the disputed facts raised in this case, I find the approval of this settlement agreement to be a fair and reasonable resolution of this case. <u>See</u> <u>Johnson v. Brennan</u>, 10 Civ. 04712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) (McMahon, J.) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); <u>Lynn's Food Stores, Inc.</u>, 679 F.2d 1350 (holding that a court may enter a judgment that does not reflect full payment of FLSA back wage or liquidated damage

claims if it determines that the amount is a fair and reasonable resolution of a bona fide FLSA dispute).

Accordingly, the case is DISMISSED with prejudice but without costs; provided, however, that within 30 days of the date of this Order, counsel for the plaintiff may apply by letter to restore this action to this Court's calendar, in which event the action will be restored.

**SO ORDERED.**

_____

SARAH NETBURN
United States Magistrate Judge

DATED:      New York, New York
            October 2, 2013